```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


THOMAS SEHLER, et al.,        )
                              )
     Plaintiff,               )
                              )
          v.                  )    1:13cv473(JCC/TRJ)
                              )
PROSPECT MORTGAGE, LLC,       )
                              )
                              )
     Defendant.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Prospect Mortgage, LLC's ("Defendant" or "Prospect Mortgage") Motion to Stay Pending Decision on Transfer ("Motion"). [Dkt. 19.] For the following reasons the Court will deny Defendant's Motion to Stay.

### I.   Background

A.   Factual and Procedural Background

Prospect Mortgage is a California corporation that offers mortgage products. (Second Am. Compl. ¶ 9.) On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila filed a lawsuit in the United States District Court for the Eastern District of California against Prospect Mortgage on behalf of themselves, and all others similarly situated, seeking "to recover overtime pay, minimum wages, and other relief." (Second Am.

1

Compl. ¶ 10.) (*See Sliger, v. Prospect Mortgage, LLC.,* Case No. 2:11cv465 (E.D. Cal.))("*Sliger*").  The court in *Sliger* granted in part the plaintiffs' motion for conditional certification of a Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") collective action.  (Second Am. Compl. ¶ 10.)  On January 23, 2013, by stipulation of the parties, the *Sliger* court decertified the action.  (Second Am. Compl. ¶ 19.)

On April 18, 2013, Plaintiffs Thomas Sehler, Mohamed Sadiqui, Lora Hartman, Monica Harmison, Allison Cougill, Alice Dixon, Ronald Hantz and Annette Post ("Plaintiffs") filed their Complaint against Defendant Prospect Mortgage in this Court, alleging violations of the FLSA. [Dkt. 1.]  On May 24, 2013, Plaintiffs filed their Amended Complaint.  [Dkt. 3.]  Defendant filed its answer and affirmative defenses on August 5, 2013.  [Dkt 8.]  On August 19, 2013, Plaintiffs, with Defendant's consent, filed their Second Amended Complaint.  [Dkt. 19.]

In their Second Amended Complaint, Plaintiffs allege that they were employed by Prospect Mortgage as loan officers. (Second Am. Compl. ¶ 23.)  Plaintiffs aver that Defendant wrongfully classified them as exempt employees under the FLSA. (Second Am. Compl. ¶ 24.)  Plaintiffs were paid on a commission-only basis; they therefore allege that Defendant wrongfully failed to pay them (1) the minimum wage and (2) overtime compensation as

required under the FLSA.  (Second Am. Compl. ¶¶ 34-47.)

On August 16, 2013, Defendant filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") requesting that the 37 cases filed by former opt-in plaintiffs in the *Sliger* action be "transferred to a single forum for coordinated or consolidated pre-trial proceedings" pursuant to 28 U.S.C. § 1407. (Miller Decl., ¶ 11; MDL No. 2486 [Dkt. 1-1].)  Defendant requested that these 37 cases be transferred to the Northern District of Illinois.  (Miller Decl., ¶ 11; MDL No. 2487 [Dkt 1-1].)  Defendant expects the motion to be heard on the JPML's December 5, 2013 calendar and decided in early 2014.  (Miller Decl., ¶ 11.)

On August 30, 2013, Defendant filed its Motion to Stay Pending Decision on Transfer and accompanying memorandum in this Court.  [Dkts. 19-20.]  Plaintiffs filed their opposition on September 4, 2013.  [Dkt. 23.]  Defendant filed its reply on September 5, 2013.  [Dkt. 26.]

Defendant's Motion to Stay is before the Court.

## II. Standard of Review

"A pending transfer motion before the MDL panel does not deprive the district court in which the action is then pending of jurisdiction over pretrial matters." *Litchfield Co. v. BP*, Civil Action No. 2:10cv1462, 2010 WL 2802498, at *1 (D.S.C. 2010);

3

Judicial Panel on Multidistrict Litigation, Rule 2.1(d), 28 U.S.C. foll. § 1407.  Nevertheless, it is well established that this Court possesses the inherent power to stay proceedings and to "'promote economy of time and effort for itself, for counsel and for litigants.'"  *Robinson v. DePuy Orthopaedics, Inc.*, Civil Action No. 3:12cv3, 2012 WL 831650, at * 2 (W.D. Va. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

In considering a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Yearwood v. Johnson & Johnson*, Civil Action No. RDB-12-1374, 2012 WL 2520865, at *3 (D. Md. 2012).  Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, Civil Action No. 3:12cv2274, 2012 WL 4538642, at *2 (D.S.C. 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E. D. Wis. 2001)).  Additionally, "courts frequently grant stays in cases when an MDL decision is pending."  *Brandt v. BP*, Civil Action No. 2:10cv1460, 2010 WL 2802495, at *2 (D.S.C. 2010) (collecting cases).

### III. Analysis

Defendant argues: (1) a temporary stay would create minimal prejudice to Plaintiffs; (2) allowing the action to

continue would create a hardship for Prospect Mortgage by exposing it to unnecessary proceedings and the potential for inconsistent rulings; (3) a temporary stay would promote judicial economy. (Mem. at 4.)  Plaintiffs argue that they will be prejudiced by the stay because discovery is scheduled to be completed by November 15, 2013 and the case ready for trial by November 21, 2013.  (Opp. at 3.)  Plaintiffs further argue that Defendant will not be prejudiced because it "forced the decertification of the *Sliger* action" and should therefore be foreclosed from claiming hardship in the individual actions filed by former *Sliger* opt-ins.  (Opp. at 4-5.)  Moreover, Plaintiffs contend that the "MDL Panel will likely deny the motion" to consolidate these cases for discovery. (Opp. at 5.)

The Court finds that a stay pending resolution of Defendant's MDL motion is not warranted in this case.  The Court will consider each of the three factors used to determine whether to stay proceedings in turn.

    A.   <u>Judicial Economy</u>

The Court acknowledges that staying the action pending the MDL decision may serve the interests of judicial economy by avoiding "the needless duplication of work and the possibility of inconsistent rulings." *Robinson*, 2012 WL 831650, at *2 (collecting cases).  As Defendant notes, if the MDL Motion is

5

granted, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997).

Nevertheless, the Court finds that judicial resources would not be misused by allowing this case to proceed as currently scheduled. This Court has already ordered the parties to complete discovery by Friday, November 15, 2013 and scheduled a final pretrial conference for Thursday, November 21, 2013. [Dkt. 10.] This action could be resolved in this Court before the JPML rules on the transfer motion. Moreover, even were the JPML to grant consolidation, it would only be for purposes of coordinating discovery; the parties would still eventually be required to litigate the merits of their claim in this Court. Furthermore, the Court notes that the JPML has stated that "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable." *In re Penn Central Securities Litigation*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971).

      B.   <u>Hardship to the moving party if the action is not stayed</u>

Defendant asserts that in the absence of a stay, it would be harmed by duplicative proceedings. (Mem. at 6.) Defendant asserts that it is "facing multiple similar actions across the country" and has already taken part in over twenty Rule

6

26(f) conferences and been served with "ten nearly identical sets of discovery" in this matter. (Mem. at 6.)

The Court recognizes that Defendant may be inconvenienced by duplicative proceedings. The Court finds, however, that any prejudice to the Defendant caused by these multiple actions stems largely from Defendant's own stipulation to the decertification of the *Sliger* matter. (*See* Second Am. Compl. ¶ 19.) Defendant had an opportunity to defend this suit as a collective action; it agreed not to and now cannot claim prejudice on these grounds.

    C.    <u>Potential prejudice to the non-moving party</u>

By contrast, the Court finds that Plaintiffs face a significant likelihood of prejudice by a stay in this matter. This case is scheduled for a final pre-trial conference in this Court on November 21, 2013. [Dkt. 10.] Again, the case could be fully litigated in this Court before the JPML issues a decision on transfer.

While many "[d]istrict courts have granted motions to stay after finding that the plaintiff would not be prejudiced by a slight delay," the delay here be longer than that found appropriate by these courts. *Brandt,* 2010 WL 2802495, at *2 (noting that in that case "a delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless,

slight when compared to the hardship to the defendants and the interest of judicial economy."); *see also Louisiana Stadium and Exposition Dist. v. Financial Guar. Ins. Co.*, Civil Action Nos. 09-235, 09-2738, 2009 WL 926982, at *1 (E.D. La. 2009) (defendants' responsive pleadings due before MDL panel eighteen days after court issued stay); *Kennedy v. Novartis Pharm., Corp.*, Civil Action No. 02-2331, 2002 WL 31051601, at *1 (E.D. La. 2002) (finding minimal prejudice where the stay would create a "three to four week delay").  The delay anticipated here is four to six months.  (Mem. at 5.)  This is a significant period of delay, particularly given that the consolidated proceedings would only manage discovery and other pretrial proceedings.  (Mem. at 7.)  Eventually, Plaintiffs will be required to litigate the merits of their claims in this Court.

Furthermore, in many of the cases cited by Defendant the action had already been conditionally transferred to the MDL.  *See Robinson*, 2012 WL 831650, at *1 n. 1 (noting that a conditional transfer order had already been entered); *Yearwood*, 2012 WL 2520865, at *3 ("As this case has been Conditionally Transferred to MDL 2244, a decision will be made regarding transfer shortly"). Here, by contrast, there has been no conditional transfer of the case.  Indeed, the JPML has not heard Defendant's argument regarding transfer nor consolidated any of the cases in this

8

matter.  This is in contrast to many instances where district courts have granted stays pending transfer to MDLs already created.  *See Moore v. Wyeth-Ayerst Laboratories*, 236 F. Supp. 2d 509, 510 (D. Md. 2002) ("This action, therefore, appears to be within the scope of MDL 1203 in the Eastern District of Pennsylvania."); *Johnson,* 2012 WL 4538642, at *1 ("These suits have been consolidated in multidistrict litigation ("MDL") No. 2179 . . .").  Therefore, the Court finds that a stay pending transfer to MDL is not warranted in this case.

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Stay.

An appropriate Order will issue.

|  |  |
|---|---|
| September 16, 2013 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |