IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THOMAS SEHLER, *et al.*, ) | |
|                                ) | |
|     Plaintiff,                 ) | |
|                                ) | |
|     v.                         ) | 1:13cv473(JCC/TRJ) |
|                                ) | |
| PROSPECT MORTGAGE, LLC,        ) | |
|                                ) | |
|     Defendant.                 ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Prospect Mortgage, LLC's ("Defendant" or "Prospect Mortgage") Motion for Leave to File Motion to Sever, [Dkt. 49], and corresponding Motion to Sever, [Dkt. 49, Ex. A], (collectively "Motions"). For the following reasons the court will grant Defendant's Motion for Leave and grant Defendant's Motion to Sever.

## I.   Background

Prospect Mortgage is a California corporation that offers consumer lending products such as mortgages and equity loans. (Second Am. Compl. [Dkt. 12] ¶ 9.) Plaintiffs Mohamed Sadiqui, Lora Hartman, Monica Harmison, Allison Cougill, Alice Dixon, Ronald Hantz, and Annette Post (collectively "Plainitffs") are former loan officers with Prospect Mortgage. (Second Am. Compl. ¶¶ 1-8.)

1

On April 18, 2013, Plaintiffs filed this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). [Dkt. 1.] Plaintiffs aver that Defendant wrongfully classified them as exempt employees under the FLSA, resulting in lost benefits. (Second Am. Compl. ¶ 24.) Plaintiffs were paid on a commission-only basis; they therefore allege that Defendant wrongfully failed to pay them (1) the minimum wage, and (2) overtime compensation. (Second Am. Compl. ¶¶ 34-47.)

The Court entered a discovery order in this case on August 27, 2013. [Dkt. 18.] This order provides that all motions, except summary judgment and consent orders, shall be noticed for a hearing on the earliest possible Friday before the pre-trial conference set for November 21, 2013. (Scheduling Order ¶ 2.) In other words, outside of summary judgment, all motions must be docketed on or before November 15, 2013. (*Id.*)

Defendant filed its answer in this case on September 5, 2013. [Dkt. 25.] The heart of Defendant's position appears to be that Plaintiffs were exempt from the overtime and minimum wage requirements under the "outside sales" exemption set forth in 29 U.S.C. § 213(a)(1).[1] (Answer at 8.) Defendant also

---

[1] Pursuant to 29 U.S.C. § 213(a)(1), "any employee employed . . . in the capacity of outside salesman" is exempt from the minimum wage and maximum hour requirements of the FLSA. The term "outside salesman" means any employee: (1) "whose primary duty is . . . making sales . . . or obtaining orders or contracts for services or for the use of facilities for which a

2

alleges that several claims are barred by the applicable statute of limitations.  (*Id*.)

On November 15, 2013, Defendant filed a Motion to Sever and simultaneously docketed a hearing for November 22, 2013.  (Def.'s Mot. to Sever at 1.)  Acknowledging that this motion is untimely under the scheduling order, Defendant also requests leave to permit the belated filing.  (Def.'s Mot. for Leave at 1.)  Defendant maintains that its delay is the result of a late discovery schedule.  (Def.'s Mem. in Support of Mot. for Leave [Dkt. 50] at 1-3.)  Thus, according to Defendant, it "did not have record evidence upon which it could base a motion to sever" until after the deadline.  (*Id*. at 2.)

Defendant's Motion to Sever, in turn, asks the Court to separate Plaintiffs' claims because they do not arise "out of the same transaction, occurrence, or series of occurrences" as required for permissive joinder under Federal Rule of Civil Procedure 20(a).  (Def.'s Mem. in Support of Mot. to Sever at 1-3.)  According to Defendant, "whether each Plaintiff is exempt from overtime under the outside sales exception turns on the amount of time each Plaintiff spent on outside sales activities," and this inquiry is highly fact specific and "dependent on the individual circumstances of each Plaintiff."

---

consideration will be paid by the client or customer"; and (2) "who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty."  29 C.F.R. § 541.500.

3

(*Id.* at 1, 11.)  In sum, "the amount of time Plaintiffs spent on outside sales activities varied considerably based on a number of individualized factors," the proof for which "will be unique for each Plaintiff."  (*Id.* at 11.)  Furthermore, Defendant plans to assert several affirmative defenses against some, but not all, of the Plaintiffs.  Thus, concludes Defendant, the individualized evidence for each Plaintiff along with the varying affirmative defenses "would breed confusion for jurors."  (*Id.* at 12-13.)  For relief, Defendant asks to the Court to either dismiss the severed claims without prejudice or order separate trials under Federal Rule of Civil Procedure 42.  (*Id.* at 9-13.)

Plaintiffs filed their response on November 20, 2013.  (Pls.' Response [Dkt. 52] at 1.)  Despite their prior disagreement on this issue, Plaintiffs now concur that severance is appropriate.  (*Id.*)  The only issue they dispute is the proper relief.  (*Id.*)  According to Plaintiffs, ordering separate trials is more suitable under the circumstances because "severing and dismissing [their] claims would be incredibly inefficient" at this stage of the litigation.  (*Id.* at 2.)

## II.  Analysis

Having reviewed the case law on this subject, and in light of the parties' agreement that severance is appropriate, the Court will grant Defendant's Motion for Leave and grant

Defendant's Motion to Sever.  Accordingly, the only issue remaining before the Court is the appropriate relief.

Rule 20 of the Federal Rules of Civil Procedure states that defendants may be joined in one action if "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.  In the event of improper joinder, Rule 21 the Federal Rules of Civil Procedure provides district courts with discretion to add or drop a party or to sever any claim against a party for just terms.  *See* Fed. R. Civ. P. 21.  "The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right." *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972).  "[I]n formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party.  Rule 21 not only requires that orders adding or dropping parties be made 'on such terms as are just,' but also expressly allows the judge to sever the misjoined party's claim rather than dismiss it." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (citation omitted).

Considering these principles, the Court finds it proper to allow Plaintiffs' claims to proceed as separate actions.  The Court is persuaded by Plaintiffs' argument that dismissing the severed claims without prejudice, as suggested by Defendant, promotes inefficiency.  This would require both parties to unnecessarily repeat the pre-trial steps they have spent the last seven months completing.  This would also necessitate needless expenditures on duplicitous discovery.  In sum, the Court sees no benefit to having the parties return to square one.  *See, e.g., Ballentine v. Town of Coats*, No. 5:11-CV-524-FL, 2012 WL 4471605, at *5 (E.D.N.C. Sept. 26, 2012) (granting motion to sever and directing the plaintiffs' claims to proceed separately under new case numbers).  An appropriate Order will issue.

|  |  |
|---|---|
| | /s/ |
| November 21, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |